UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**DAVID GORDON OPPENHEIMER,** §
**Plaintiff** §
§  CA _____
**v.** §
§
**Matthew D. Smith,** §
**Defendant** §  **JURY DEMANDED**

## ORIGINAL COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendant Matthew D. Smith ("Smith"), alleges:

### I. JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* (hereinafter the Copyright Act.).

2. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. § 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. §§ 1391(b)-(c).

### II. THE PARTIES

3. Plaintiff David Gordon Oppenheimer is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Defendant Matthew David Smith is an individual residing in Alamance County, North Carolina, and will receive actual notice of this filing at his home address of 1814 Haw Village, Graham, North Carolina 27253.

## III. INTRODUCTORY FACTS

7. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyright in an iconic aerial photograph (the "Work," **Exhibit 1**).

8. Oppenheimer makes his photographic works available for print sales and licensing at his website http://www.performanceimpressions.com.

9. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyright with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a true and correct copy of the certificate of registration issued for this Work bearing certificate number VAu 1-132-213 titled*: "Photography by David Oppenheimer from Winter of 2013."*

10. At all relevant times hereto, Oppenheimer was and continues to be the sole owner of all rights, titles, and interests in and to the registration and photographic Work. Oppenheimer's copyright in the above-described Work is presently valid and subsisting, was valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

11. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyright registered photographs when he first publishes them and thereafter. When published by Oppenheimer, the Work at issue in this case prominently displayed his CMI in the caption, with a facial watermark, and/or embedded in the metadata of the Work. Thus, Defendant was on notice that the Work was copyright protected.

12. Fewer than three (3) years before this filing, Oppenheimer discovered that the

Defendant, and/or persons at his direction, infringed his copyright by copying, distributing, and/or displaying (or directing others to do so) his protected Work in order to advertise and market its real estate investment and vacation rental property on the following *Universal Resource Locators* ("URLs"):

**Webpage URLs**:

https://www.houfy.com/8976; *and*

https://www.airbnb.com/rooms/250324322

**Image URLs**:

https://s3.us-west-2.amazonaws.com/assets.houfy.com/assets/images/properties/1f8aa8bded505135f270855aa78fa204.jpg *and*

https://a0.muscache.com/im/pictures/7f5d39d6-c84e-4abe-9f29-a03eb8efb9a8.jpg.

13. Upon information and belief, the Defendant, and/or someone at his direction, located and accessed Oppenheimer's Work at https://www.performanceimpressions.com, then downloaded (or copied) the Work, and then publicly displayed the same on the World Wide Web.

14. On or about January 8, 2023, Oppenheimer sent a cease-and-desist notice to the Defendant, but the Defendant failed to promptly take down all iterations of the infringing work.

15. After repeated demands for the Defendant to cease and desist his infringing activities, and to resolve Oppenheimer's claims, it has become clear that the Defendant is contemptuous of Oppenheimer's copyright, making this lawsuit necessary.

### IV. CAUSES OF ACTION

#### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

16. Oppenheimer re-alleges and incorporates paragraphs 1 – 15 above as if recited *verbatim*.

Page **3** of **7**

Case 1:25-cv-00340-TDS-JLW    Document 1    Filed 04/30/25    Page 3 of 7

17. Defendant has non-willfully infringed Oppenheimer's copyright in and to the Work (**Exhibit 1**) by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

18. Upon information and belief, Defendant has benefitted from the infringement of the Work, while Oppenheimer has suffered and will continue to suffer damages, irreparable injury to the market value of the Work, to his business, his reputation, and his business goodwill; therefore, Oppenheimer is entitled to injunctive relief, disgorgement of Defendant's profits attributable to his infringing activities, and other relief set forth in the Copyright Act.

## COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

19. Oppenheimer re-alleges and incorporates paragraphs 1 – 15 above as if recited *verbatim*.

20. Alternatively, Defendant has recklessly or willfully infringed Oppenheimer's copyright in and to the Work by scanning, copying, reproducing, distributing, displaying, publishing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

21. As is his pattern and practice, Oppenheimer clearly marked the Work with notices of copyright and additional CMI — including with a legible facial watermark, embedded metadata, and/or in and adjacent caption — as well as a "©" notice of copyright, stating that all rights are reserved, providing licensing instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his works from the works of others in his field, to provide a way for potential licensees to contact him for the purpose of purchasing licenses, as well as to ensure that anyone who merely views his Work appreciates that he is the owner of all rights and title to it.

22. Therefore, because Defendant had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work but nevertheless used it without license or authorization, Defendant is therefore a reckless or willful infringer.

**COUNT III - REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION**

23. Oppenheimer incorporates the allegations of paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. As published by Oppenheimer, the Work at issue in this case contains CMI in the form of a visible watermark in the bottom-right corner.

25. The Defendant knowingly and with the intent to enable, conceal, or facilitate copyright infringement, edited the Work so as to obscure the Watermark from Oppenheimer's copyright management information in violation of 17 U.S.C. § 1202(b)(1), as shown below, in addition to removing the copyright management information present in the Metadata and omitting the Attribution:



26. The Defendant distributed and publicly displayed copies of the Work knowing that copyright management information had been removed or altered without Oppenheimer's authority in violation of 17 U.S.C. § 1202(b)(3).

27. The Defendant committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work.

28. The Defendant caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Oppenheimer's rights in the Work at issue in this action protected under the

Copyright Act.

29. Oppenheimer has been damaged.

30. The harm caused to Oppenheimer has been irreparable.

## V. **RELIEF REQUESTED**

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in his favor and against the Defendant as follows:

A. That Defendant, his agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyright in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendant provide an accounting of all gains, profits and/or advantages derived by them because of the willful and unlawful acts of copyright infringement above described;

C. That Defendant be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all his profits attributable to the infringements, and which are not considered in computing Oppenheimer's actual damages that have been incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §§ 504(b) and 1203;

D. In the alternative, and at Oppenheimer's election after verdict, that Defendant be ordered to pay maximum statutory damages pursuant to 17 U.S.C. §§ 504(c) and 1203(c)(3), or such other amount as the jury may deem appropriate;

E. That Defendant be ordered to pay to Oppenheimer all his Lodestar costs, including reasonable attorney's fees pursuant to 17 U.S.C. §§ 504(c), 505, and § 1203; *and* for such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

                              **LEJUNE LAW FIRM**

By:    */s/ Dana A. LeJune*
        Dana A. LeJune Texas Bar: 12188250
        NC Bar: 49025
        **NORTH CAROLINA OFFICE**
        7 Orchard Street
        Suite 200
        Asheville, North Carolina 28801
        Ofc: 828-774-5800
        Direct: 713-858-3058
        dlejune@triallawyers.net

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**